IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRETIUM CANADA COMPANY, <br> a Nova Scotia unlimited liability company, <br><br> Plaintiff, <br><br> v. <br><br> GREEN GROUP ASSOCIATES, LLC, <br> a Delaware limited liability company, <br><br> Defendant. | ) <br> )    C.A. No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Pretium Canada Company (hereinafter "plaintiff"), by and for its complaint against Green Group Associates, LLC. (hereinafter "defendant") respectfully alleges the following:

1. The plaintiff is an unlimited liability company organized and existing under the laws of Nova Scotia, Canada, and having its principal place of business at 3300 Route Transcanadienne, Pointe-Claire, Quebec, H9R 1B1 Canada.

2. The defendant is a limited liability company, organized and existing under the laws of the State of Delaware, and having its principal place of business at Edificio Arriaga 77, 3 Andar, Sala 305, Funchal 9000, Madeira, Republic of Portugal.

3. **Jurisdiction.** This is a dispute between a citizen of a foreign state and a citizen of this State where the subject matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, therefore jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(2).

4. **Venue.** The defendant resides within this judicial district therefore venue is proper pursuant to 28 U.S.C. §1391(a).

5. On or about January 18, 2006, the plaintiff contacted an English business called Independent Property Rental ("IPR") to arrange for the purchase of a Husky XL500 packaging machine. IPR brokered a transaction whereby the defendant would sell the machine to the plaintiff.

6. The terms of the contract between the plaintiff and the defendant called for the defendant to ship "CIF" to the plaintiff's facility in Point Clare, Quebec, Canada, for a total purchase price of 232,925.00 Euros, which consisted of 210,000.00 Euros as the cost of the goods and 22,925.00 Euros for the costs of shipping and insurance.

7. IPR issued an invoice to the plaintiff in the above amounts. The plaintiff paid the entire purchase price to the defendant.

8. Pursuant to the terms of the parties' contract, the defendant was under a duty to deliver the machine to the plaintiff's facility, and was further under a duty to procure property and casualty insurance to protect the plaintiff's interest in the machine while in transit.

9. The machine was shipped in three (3) overseas containers. The first container arrived at the plaintiff's place of business with evidence of lack of proper sealing, causing significant rust to the container and its contents. The plaintiff accepted the first container but documented the damage.

10. On or about October 19, 2006, the second container was involved in a major motor vehicle accident while in the hands of defendant's carrier and in route to the plaintiff's facilities. The equipment in the container suffered significant damage, which rendered the machine inoperable and of no use to the plaintiff. On the same day, the third container arrived at the plaintiff's facilities. The plaintiff refused delivery of the third

container in light of the catastrophic loss of the second container.

11. On or about October 20, 2006, the plaintiff, through its Canadian counsel, demanded return of the full purchase price.

12. The defendant has failed and/or refused to return the purchase price to the plaintiff. Instead, the defendant told the plaintiff it had to file a claim against the shipping company's liability insurer.

13. The plaintiff has also demanded that the defendant provide it with information concerning the insurance which the defendant was under a duty to purchase pursuant to the invoice terms. The defendant has failed and/or refused to provide that information to the plaintiff.

14. The defendant has breached the parties' contract by (i) failing to deliver conforming goods to the plaintiff, justifying the plaintiff's rejection of same, and/or (ii) failing to procure property and casualty insurance to protect the plaintiff's interest in the machine while in transit.

15. As a direct and proximate result of the defendant's breach of the contract, the plaintiff has suffered the loss of the purchase price of 232,925.00 Euros. As of the date of filing of this Complaint, the conversion rate set forth in the Wall Street Journal is 1.3487 US dollars per Euro, making the US dollar equivalent is $314,145.94.

16. As a further direct and proximate result of the defendant's breach of contract, the plaintiff has in good faith, and without unreasonable delay, incurred costs and expenses to procure a substitute machine and to modify and refurbish the substitute machine to bring it up to the performance level and specifications of the defendant's machine in the total amount of $379,414.00. The difference between the cost to the

plaintiff for procuring substitute goods and the contract price is $65,268.06 and this amount is claimed as an additional damage herein.

WHEREFORE the plaintiff demands judgment in its favor and against the defendant for the sum certain amount of $379,414.00, together with pre-judgment interest at the legal rate and the costs of this action.

Dated: April 13, 2007                                         FERRY, JOSEPH & PEARCE, P.A.

/s/Rick S. Miller
Rick S. Miller (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555

Of Counsel:

Mark T. Keaney, Esquire
Lewis, Rice & Fingersh, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
(314) 444-7600

Attorneys for Plaintiff

(REV. 07/89) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Pretium Canada Company, a Nova Scotia unlimited liability company. | Green Group Associates, LLC, a Delaware limited liability company. |
| **b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  N/A  (EXCEPT IN U.S. PLAINTIFF CASES) | |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Rick S. Miller (#3418)<br>FERRY JOSEPH & PEARCE, P.A.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899-1351<br>(302)575-1555 | ATTORNEYS (IF KNOWN) |

| II. BASIS OF JURISDICTION    (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES |
|---|---|
| 9  1 U.S. Government          9   3 Federal Question<br><br>9 2 U.S. Government     X  4 Diversity<br>    Defendant                (Indicated Citizenship of<br>                                        Parties in Item III) | Plaintiff - Canadian<br>Defendant - Delaware |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

**Breach of Contract of Sale of Goods, Uniform Commercial Code**

**V. NATURE OF SUIT**   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| 9 110 Insurance<br>9 120 Manne<br>9 130 Miller Act<br>9 140 Negotiable Instrument<br>9 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>9 151 Midicare Act<br>9 152 Recovery of Defaulted Student Loans<br>  (Excl. Veterans)<br>9 160 Stockholders Suits<br>X 190 Other Contract<br>9 195 Contract Product Liability | **PERSONAL INJURY**<br>9 310 Airplane<br>9 315 Airplane Product Liability<br>9 320 Assault, Libel & Slander<br>9 330 Federal Employers' Liability<br>9 340 Manne<br>9 345 Manne Product Liability<br>9 350 Motor Vehicle<br>9 355 Motor Vehicle Product Liability | **PERSONAL INJURY**<br>9 362 Personal Injury-- Med Malpractice<br>9 365 Personal Injury -- Product Liability<br>9 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>9 370 Other Fraud<br>9 371 Truth in Lending<br>9 380 Other Personal Property Damage<br>9 385 Property Damage Property Liability | 9 610 Agriculture<br>9 620 Other Food & Drug<br>9 625 Drug Related Seizure of Property 21 USC 881<br>9 630 Liquor Laws<br>9 640 R.R. & Truck<br>9 650 Airline Regs<br>9 660 Occupational Safety/Health<br>9 690 Other<br>**LABOR**<br>9 710 Fair Labor Standards Act<br>9 720 Labor/Mgmt. Relations<br>9 730 Labor/Mgmt. Reporting & Disclosure Act<br>9 740 Railway Labor Act<br>9 790 Other Labor Litigation<br>9  791  Empl. Ret. Inc. Security Act | 9 422 Appeal<br>      28 USC 158<br>9 423 Withdrawal<br>      28 USC 157<br>**PROPERTY RIGHTS**<br>9 820 Copyrights<br>   830 Patent<br>9 840 Trademark<br>**SOCIAL SECURITY**<br>9 861 HIA (1395ff)<br>9 862 Black Lung (923)<br>9 863 DIWC/DIWW (405(g))<br>9 864 SSID Title XVI<br>9 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>9 870 Taxes (U.S. Plaintiff or Defendant)<br>9 871 IRS -- Third Party 26 USC 7609 | 9 422 State Reappartionment<br>9 410 Antitrust<br>9 430 Banks and Banking<br>9 450 Commerce/ICC Rates/etc.<br>9 460 Deportation<br>9 470 Racketeer Influenced and Corrupt Organizations<br>9 810 Selective Service<br>9 850 Securities/Commodities/ Exchange<br>9 875 Customer Challenge 12 USC 3410<br>9 891 Agricultural Acts<br>9 892 Economic Stabilization<br>9 893 Environmental Matters<br>9 894 Energy Allocation Act<br>9 895 Freedom of Information Act<br>9  900 Appeal of Fee Determination Under Equal Access to Justice<br>9 950 Constitutionality of State Statues<br>9 Other Statutory Actions |
| **REAL PROPERTY**<br>9 210 Land Condemnation<br>9 220 Foreclosure<br>9 230 Rent Lease & Equipment<br>9 240 Torts to Land<br>9 245 Tort Product Liability<br>9 290 All Other Real Property | **CIVIL RIGHTS**<br>9 441 Voting<br>9 442 Employment<br>9 443 Housing/ Accommodations<br>9 444 Welfare<br>9 440 Other Civil Rights | **PRISONER PETITIONS**<br>9 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>9 530    General<br>9 535    Death Penalty<br>9 540 Mandamus & Other<br>9 550 Civil Right | | | |

**VI. ORIGIN**                                                    (PLACE AN x IN ONE BOX ONLY)            Appeal to District
                                                                              Transferred from                          9  7 Judge from
X 1 Original           9 2 Removed from   9 3 Remanded from   9 4 Reinstated or    9 5 another district   9 6 Multidistrict    Magistrate
  Proceeding                State Court            Appellate Court        Reopened                      (specify)                  Litigation             Judgment

**VII. REQUESTED IN**    CHECK IF THIS IS A   CLASS ACTION           **DEMAND** $379,414.00       Check YES only if demanded in complaint:
    **COMPLAINT:**            ___ 9   UNDER F.R.C.P 23                                                                  **JURY DEMAND:** 9 YES    **X  NO**

**VIII. RELATED CASE(S)**    (See instructions)
    **IF ANY**   N/A

DATE   April 13, 2007                                              SIGNATURE OF ATTORNEY OF RECORD  /s/Rick S. Miller (#3418)

UNITED STATES DISTRICT COURT                                                                                                          COVER.USD

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **07-201**



## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

**APR 1 3 2007**
(Date forms issued)

_____
(Signature of Party or their Representative)

_____John V Melvin_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action